FORMER EMPLOYEES OF INTEX, PLAINTIFF *v.*
U.S. DEPARTMENT OF LABOR, DEFENDANT

Court No. 01–00617

(Dated October 16, 2002)

## JUDGMENT

MUSGRAVE, *Judge:* Upon consideration of *pro se* Plaintiffs' failure to prosecute this action with due diligence in accordance with the Scheduling Order entered by the Court on August 15, 2002, and Plaintiffs' failure to respond to the Court's Order to Show Cause why this action should not be dismissed, it is hereby ORDERED that this action is dismissed for lack of prosecution pursuant to Rule 41(b)(3) of the Rules of this Court.

---

[5] In *American Ship Management,* 25 CIT ___, 162 F. Supp. 2d 671, Customs asserts that SL Service failed to satisfy the plaintiff's "burden" because, according to Customs, there was no pertinent information in the plaintiff's original brief. This Court presumed that Customs was referring to the term "burden of production." The term "burden of production" defines the burden on one party to introduce sufficient evidence to avoid judgment against that party as a matter of law. Specifically, the plaintiff shall go forward with the evidence on the issue, thus, shifting the burden to the defendant to produce evidence showing otherwise. *See, e.g., Environmental Defense Fund, Inc. v. EPA,* 179 U.S. App. D.C. 43, 548 F.2d 998, 1013 (D.C. Cir. 1976) (noting that the burden of production does not necessarily lay with the same party carrying the burden of persuasion). In the case at bar, SL Service and Customs now stipulate that the vessel, Sea-Land Pacific, was not dry-docked for a period longer than that necessary to perform the mandatory inspections and/or modifications required by the USCG and ABS.